# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER D. TURNER, | ) |
| Plaintiff, | ) Civil Action No. 14 – 10J |
| | ) |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE BOARD SECRETARY KIMBERLY A. BARKLEY, BOARD FIELD AGENT ERIC CLELLAND, DEPARTMENT OF CORRECTIONS SECRETARY JOHN E. WETZE, and SCI SOMERSET SUPERINTENDENT GERALD ROZUM, | ) |
| Defendants. | |

## ORDER

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that he is being illegally detained because his sentence has already expired. He seeks compensatory and declaratory relief as well as his immediate release from prison. As such, Plaintiff has presented a hybrid action sounding in both civil rights and habeas. This is impermissible.

A Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). On the other hand, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a

1

habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)

Here, a ruling in Plaintiff's favor would affect the fact or duration of his conviction or sentence. Consequently, Plaintiff's remedy lies not in a civil rights suit, but in a habeas corpus action. Therefore, Plaintiff's complaint will be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the petition filed by Petitioner was received without a filing fee or the forms required to proceed *in forma pauperis*. This action may not proceed unless Petitioner either,

1) tenders to the "Clerk, U.S. District Court" a statutory filing fee in the amount of $5.00, or,

2) files a properly completed application to proceed *in forma pauperis*, along with an authorization form and a certified copy of the account statement for the six (6) months preceding the filing of the petition.

Therefore,

**IT IS ORDERED** this 16th day of January, 2014, that the Clerk of Court is to mark this case **CLOSED**.

**IT IS FURTHER ORDERED** that Petitioner may reopen the case by paying the $5.00 filing fee or submitting an authorization form and a certified copy of the account statement for the six (6) months preceding the filing of the petition.

**IT IS FURTHER ORDERED** that because the original document that Petitioner filed with this Court did not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's Local Rules governing actions under 28 U.S.C. §

2254 (LCvR 2254(B)), the Clerk of Court is directed to furnish Petitioner with the standard form entitled <u>Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody</u>. Petitioner must answer all the questions on the form and return it with the $5.00 filing fee or proper forms to proceed *in forma pauperis*.

Petitioner may elect to raise in the <u>Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody</u> the same claims that he raised in the original document that he filed with this Court. He also has the opportunity to raise additional claims attacking his current confinement. To avoid making successive claims, Petitioner is reminded that he must bring in the petition that he will file with this Court ALL of the claims that he has that challenge the validity of his current confinement. In other words, if his petition is denied after consideration of his claims on the merits, he will not be able to file another petition at a later time challenging the same judgment of sentence on other grounds.

Petitioner is further reminded that he cannot present a federal constitutional claim to this Court until he has properly presented it to the courts of the Commonwealth of Pennsylvania. *Therefore, if he has not presented all of his claims to the courts of the Commonwealth of Pennsylvania, he may wish to withdraw his petition on file so that he may properly present all of his claims to the Pennsylvania courts and then file a later petition with this Court presenting all of his federal constitutional claims*. However, he is also advised that pursuant to 28 U.S.C. § 2244(d)(1), federal habeas corpus petitions must be filed within one year after the judgment of sentence becomes final.

**IT IS FURTHER ORDERED** that the parties are allowed fourteen (14) days from this date to appeal this order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to appeal within fourteen (14) days will constitute waiver of the right to appeal.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Christopher D. Turner
 HV – 5696
 SCI Somerset
 1600 Walters Mill Road
 Somerset, PA 15510